**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

ROBERTO DIAZ-BOYZO, AKA
Roberto Diaz-Orozco

*Petitioner*,

v.

TODD BLANCHE, Acting Attorney
General,

*Respondent*.

</td><td>

No. 17-72894

Agency No.
A090-435-505

OPINION

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 12, 2026
Pasadena, California

Filed July 23, 2026

Before: Consuelo M. Callahan and Patrick J. Bumatay,
Circuit Judges, and Jed S. Rakoff, District Judge.[*]

Opinion by Judge Bumatay

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

Denying Roberto Diaz-Boyzo's petition for review of a decision of the Board of Immigration Appeals, the panel held that Diaz-Boyzo's felony conviction for fourth-degree assault under Oregon Revised Statutes § 163.160(1)(a), (3)(c) (2013), for battering his wife in front of their minor children, is a "crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i).

Applying the categorical approach, the panel agreed with the parties that Or. Rev. Stat. § 163.160(3) is overbroad with respect to the federal offense because the Oregon statute covers conduct unrelated to children. However, looking to Oregon case law and jury instructions, the panel concluded that the offense is divisible.

Having found the statute divisible, the panel applied the modified categorical approach to determine that Diaz-Boyzo's indictment and plea agreement showed that he was convicted of § 163.160(3)(c), which applies when the assault is committed in the "immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing in the household of the person or the victim."

Finally, the panel concluded that Diaz-Boyzo's statute of conviction matches a "crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i), as

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the phrase was interpreted in *Leon-Briviesca v. Blanche*, --- 4th ---, 2026 WL 1829532 (9th Cir. 2026). The panel reasoned that the statute fell within the definition set out in *Leon-Briviesca* because committing an assault in the immediate presence of a child places the child in real danger of bodily or mental harm and Or. Rev. Stat. § 163.160(3)(c) requires, at minimum, a mens rea of criminal negligence for committing the assault within the presence of a child.

## COUNSEL

Connor F. Vasu (argued), Certified Law Student; Emily Berry, Alexis Adjei, Paulina D. Arnold, and Michael G. Ewart, Supervised Law Students; Philip L. Torrey, Supervising Attorney; Crimmigration Clinic, Harvard Immigration and Refugee Clinical Program, Harvard Law School, Cambridge, Massachusetts; Siovhan S. Ayala, Ayala Law Office, PC, Tucson, Arizona; for Petitioners.

Imran R. Zaidi (argued) and Andrew B. Insenga, Trial Attorneys; Kiley Kane and Melissa K. Lott, Senior Litigation Counsel; Lindsay B. Glauner, Jennifer P. Levings, and Shelley R. Goad, Assistant Directors; Office of Immigration Litigation; Joseph H. Hunt and Brett A. Shumate, Assistant Attorneys General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

BUMATAY, Circuit Judge:

Roberto Diaz-Boyzo was convicted of physically assaulting his wife in front of their minor children under then-Oregon Revised Statutes § 163.160(1)(a), (3)(c) (2013) [current Or. Rev. Stat. § 163.160(1)(a), (3)(a)]. [1] The question is whether this offense is "a crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i). We conclude that it is and deny this petition.

## I.

## BACKGROUND

Roberto Diaz-Boyzo, a native and citizen of Mexico, was admitted to the United States in 1990 as a lawful permanent resident. In 2013, Diaz-Boyzo pleaded guilty to two counts of felony assault in the fourth degree under Or. Rev. Stat. § 163.160(1)(a), (3)(c) for battering his wife in the "immediate presence of and witnessed by" his minor son and daughter. He was sentenced to 24 months' imprisonment followed by two years' probation. The Department of Homeland Security charged him with being removable under 8 U.S.C. § 1227(a)(2)(E)(i). The Immigration Judge agreed and the Board of Immigration Appeals ("BIA") affirmed.

---

[1] Effective January 1, 2016, Oregon renumbered Or. Rev. Stat. § 163.160 so that then-subparagraph (3)(c) is now subparagraph (3)(a). 2015 Or. Laws, ch. 639, § 2. Because Diaz-Boyzo was convicted in 2013, we use the statute's numbering at that time.

Diaz-Boyzo petitions for review of the BIA's decision, arguing that Or. Rev. Stat. § 163.160(3) is overbroad, and even if the state statute were divisible, it is not a "crime of child abuse, child neglect, or child abandonment" under § 1227(a). We review the BIA's legal conclusions de novo. *See Leon-Briviesca v. Blanche*, --- F4th ----, 2026 WL 1829532, at \*6.

## II.

## DISCUSSION

To assess whether a state conviction matches a crime under § 1227(a), we employ the "categorical approach." *See Taylor v. United States*, 495 U.S. 575, 589 (1990). Under that approach, "we compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the [state] statute is broader than the generic federal definition[.]" *See Jimenez-Juarez v. Holder*, 635 F.3d 1169, 1170–71 (9th Cir. 2011) (simplified). Here, we consider whether felony assault in the fourth degree under Or. Rev. Stat. § 163.160(1)(a), (3)(c) matches the federal "crime of child abuse, child neglect, or child abandonment." 8 U.S.C. § 1227(a)(2)(E)(i).

## A.

We first turn to whether Or. Rev. Stat. § 163.160(3) is divisible. Because some provisions of § 163.160(3) involve conduct unrelated to children, we agree with the parties that it is overbroad. *See, e.g.*, Or. Rev. Stat. § 163.160(3)(a) (2013) (also making assault in the fourth degree a felony if the defendant was previously convicted of assaulting the same victim). But we conclude that § 163.160(3) is divisible and so may still match the federal crime. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1038–39 (9th Cir. 2017).

A state statute is divisible if the statute "lists multiple discrete offenses as enumerated alternatives or defines a single offense by reference to disjunctive sets of 'elements,' more than one combination of which could support a conviction." *Vasquez-Valle v. Sessions*, 899 F.3d 834, 842 (9th Cir. 2018) (simplified).

Oregon's fourth-degree assault statute starts with two ways to commit misdemeanor assault:

> (1) A person commits the crime of assault in the fourth degree if the person:
> (a) Intentionally, knowingly or recklessly causes physical injury to another; or
> (b) With criminal negligence causes physical injury to another by means of a deadly weapon.

Or. Rev. Stat. § 163.160(1).

The version of § 163.160(3) enacted at the time of Diaz-Boyzo's conviction then set out four aggravating elements that enhance the assault charge to a felony:

> (3) . . . assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:
> (a) The person has previously been convicted of assaulting the same victim;
> (b) The person has previously been convicted at least three times under this section or under equivalent laws of another jurisdiction and all of the assaults involved domestic violence, as defined in [Or. Rev. Stat. § 135.230];

> (c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim; or
>
> (d) The person commits the assault knowing that the victim is pregnant.

Or. Rev. Stat. § 163.160(3) (2013).

Oregon law thus "defines a single offense" (felony assault in the fourth degree) "by reference to disjunctive sets of 'elements'" (four alternative aggravating factors). *Vasquez-Valle*, 899 F.3d at 842 (simplified). And turning to the aggravating factors, Oregon courts recognize that each is a disjunctive element the state must prove. *See State v. Reynolds*, 51 P.3d 684, 685–87 (Or. Ct. App. 2002) (explaining that each aggravating factor is a "material element" of the offense that "the state *must* prove to establish the crime charged"). Oregon jury instructions show the same: the state must "prove beyond a reasonable doubt" that "[t]he assault was committed in the immediate presence of, or was witnessed by, [a minor child]." Or. State Bar Comm. on Unif. Crim. Jury Instructs. 1427. The instructions thus indicate that § 163.160(3) sets out alternative "elements" that the jury must unanimously find beyond a reasonable doubt and not mere "means" on which the jury need not unanimously agree. *See Rendon v. Holder*, 764 F.3d 1077, 1085–86 (9th Cir. 2014). So the statute is divisible.

Diaz-Boyzo contests divisibility by pointing to Oregon's anti-merger doctrine, which limits the state's ability to obtain multiple convictions for the same conduct. *See* Or. Rev. Stat. § 161.067(1). But our divisibility analysis is "not

the same as the Oregon courts' analysis for whether guilty verdicts should be merged." *Vasquez-Valle*, 899 F.3d at 843. The categorical approach's divisibility analysis looks only to whether a statute sets out "alternative elements" on which the jury must unanimously agree for conviction. *Rendon*, 764 F.3d at 1085–86. And as stated above, juries must agree to the facts establishing each aggravating factor.

And because the statute is divisible, we employ the modified categorical approach "to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). And Diaz-Boyzo's indictment and plea agreement show he was convicted of felony assault in the fourth degree for having "unlawfully and intentionally, knowingly and recklessly cause[d] physical injury to [his wife], and the assault was committed in the immediate presence of and witnessed by [his son and daughter]." We thus compare the federal elements of "a crime of child abuse, child neglect, or child abandonment" to Diaz-Boyzo's statute of conviction— § 163.160(3)(c).

## B.

Committing fourth-degree assault in the presence of a child matches a "crime of child abuse, child neglect, or child abandonment." 8 U.S.C. § 1227(a)(2)(E)(i). In *Leon-Briviesca*, "[w]e conclude[d] that the best reading of § 1227(a)(2)(E)(i), is that: (1) it covers child endangerment; (2) requires a *mens rea* of at least criminal negligence; (3) requires an *actus reus* of placing a child in a situation where the child's person or health is endangered under circumstances or conditions likely to produce bodily or mental harm; and (4) applies to a defendant who is not the

child's parent or guardian." -- F.4th at ----, 2026 WL 1829532, at *2.

Diaz-Boyzo was convicted of assaulting his wife "in the immediate presence of," or "witnessed by, . . . [a] minor child[.]" Or. Rev. St. § 163.160(3)(c). At a minimum then, "the assault must have occurred in the same, physically unseparated, space where the child was located." *State v. Cox*, 159 P.3d 352, 355 (Or. Ct. App. 2007). Contrary to Diaz-Boyzo's argument, committing an assault in the immediate presence of a child places the child in "real danger" of bodily or mental harm. *Leon-Briviesca*, -- F.4th at ----, 2026 WL 1829532, at *17. As in cases of child endangerment, it is not necessary that the child actually be harmed. *See id.* at ----, 2026 WL 1829532, at *6. Simply, if a child is near ongoing violence, the child is likely to be harmed, either physically or mentally, by witnessing the assault. And because inflicting either physical or mental harm is "a crime of child abuse, child neglect, or child abandonment," creating a real likelihood of inflicting that harm is also "a crime of child abuse, child neglect, or child abandonment."

Finally, § 163.160(3)(c) requires, at a minimum, the mens rea of criminal negligence for committing the assault in the presence of a child. Or. Rev. Stat. § 163.160(1)(a) expressly requires the commission of physical injury to be intentional, knowing, or reckless. While § 163.160(3)(c) doesn't specify a requisite mens rea for its aggravating elements, Oregon's "general culpability statute[]" ensures that any material element of a criminal statute that lacks a stated mens rea has one imputed to it. *See State v. Gensitskiy*, 446 P.3d 26, 39 n.6 (Or. 2019); Or. Rev. Stat. § 161.115(2) ("If a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless

required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."). The specific mens rea assigned depends on the nature of the element: "'conduct' elements require proof of an intentional or knowing mental state, 'result' elements require proof of an intentional, reckless, or criminally negligent mental state, and 'circumstance' elements require proof of a knowing, reckless, or criminally negligent mental state." *State v. Simonov*, 368 P.3d 11, 16 (Or. 2016) (quoting Or. Rev. Stat. § 161.085(7)–(10)). Regardless of whether the presence of a child is "conduct," a "result," or a "circumstance," the mens rea for § 163.160(3)(c) is at least criminal negligence. *Id.* This aligns § 163.160(3)(c)'s mens rea with the minimum mens rea for a "crime of child abuse, child neglect, or child abandonment."

Given all this, a conviction under § 163.160(1)(a), (3)(c) matches "a crime of child abuse, child neglect, or child abandonment" under 8 U.S.C. § 1227(a)(2)(E)(i).

## III.

## CONCLUSION

For these reasons, this petition for review is DENIED.